IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CECIL CLAYTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:02-cv-08001-NKL |
| ) | |
| AL LUEBBERS, Superintendent, ) | |
| Potosi Correctional Center, ) | |
| ) | |
| Respondent. | |

**ORDER**

Plaintiff Cecil Clayton is scheduled to be executed by the State of Missouri today, March 17, 2015, at 6 p.m. Clayton filed a motion for stay of execution on March 15, 2015. [Doc. 146.] The motion is denied.

A stay of execution is an equitable remedy and not available as a matter of right. *Hill v. McDonough,* 547 U.S. 573, 584 (2006). Thus, an inmate seeking a stay must show, among other things, "a substantial likelihood of success on the merits," and that he did not engage in conduct causing undue delay. *Id.* (quotation marks and citations omitted).

On February 24, 2015, this Court dismissed Clayton's civil rights case, *Clayton v. Lombardi,* no. 4:15-cv-4003-NKL, in which he challenged Missouri's statutory procedure for determining competency. The Court concluded the challenge was aimed at his death sentence and so must be treated as a request for habeas corpus, and that he must first present it to the state courts. On the same day, the Court also denied his motion to stay

execution, without prejudice. Clayton filed a motion to alter or amend on March 2, 2015 and it was denied on March 9, 2015.

Clayton filed a petition for writ of habeas corpus in the Missouri Supreme Court on March 9, 2015, claiming under *Ford v. Wainwright,* 477 U.S. 399 (1986), *Panetti v. Quarterman,* 551 U.S. 930 (2007), *Atkins v. Virginia,* 536 U.S. 304 (2002), and Mo. Rev. Stat. § 552.060.1 (2000), that he is not competent to be executed. *State ex rel. Clayton v. Griffith,* no. SC94841. The Missouri Supreme Court denied his petition on March 14, 2015.

Clayton now petitions this Court pursuant to 28 U.S.C. § 2254, claiming he is not competent to be executed under *Ford* and *Panetti.* He also claims he cannot be executed because he is intellectually disabled under *Atkins*. [Doc. 145.] He asks that his execution be stayed.

Given the limited amount of time available, and the issues raised by Clayton, including the specific reasons raised by Clayton's counsel, in view of the deference the Court must give under AEDPA, 28 U.S.C. § 2254, to the Missouri Supreme Court's adjudication of the same claims on the merits, the Court cannot conclude Clayton has a substantial likelihood of success on the merits of his current petition. Only for that reason does the Court deny the stay.

The Court would not conclude Clayton engaged in unnecessary delay, let alone the "extreme" delay argued at length by the State, as a reason for denying a stay. [Doc. 149, p. 34.] Clayton's *Ford* and *Panetti* claim did not become ripe until the execution date was set, *see Nooner v. Norris,* 499 F.3d 831, 834 (8th Cir. 2007) (citing *Panetti v.*

*Quarterman,* 551 U.S. 930, 943 (2007), *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998)), which only occurred on February 6, 2015. And the execution was set only 39 days later. At the time the order setting execution issued, Clayton was already litigating his civil rights case in this Court. Once execution was scheduled, Clayton's counsel sought relief in state and federal court, filing numerous briefs and exhibits concerning Clayton's claim that he has a progressive disease, among other issues. Clayton did not cause unnecessary delay.

In view of the foregoing, Clayton's motion for stay [Doc. 146] is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: <u>March 17, 2015</u>
Jefferson City, Missouri